■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RAPHAEL P. KENEL, Now Known as FATHER PATRICK KENEL, Appellant.— Judgment unanimously modified on the law and facts by reducing sentence to the time already served by defendant and as so modified judgment affirmed. Memorandum: In our opinion the sentence imposed upon defendant was excessive. In the interests of justice the sentence should be reduced to the time already served and defendant discharged. (Appeal from judgment of Chautauqua County Court, convicting defendant of injury to property.) Present — Goldman, P. J., Del Vecchio, Gabrielli, Moule and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIE SANDERS, Appellant.— Determination of appeal withheld and case remitted to Erie County Court, for a further hearing on the motion to suppress in accordance with the following Memorandum: Defendant is entitled to a full and complete hearing on the suppression of the evidence seized and ultimately used during his trial. Prior to the commencement of the trial on charges of burglary and petit larceny, defendant's assigned counsel moved to suppress certain critical items of evidence. Upon the hearing, defendant was called as a witness but his questioning was suspended when the court ruled that any testimony given by defendant could be used against him upon the trial regardless of whether or not he took the stand. This was, of course, error (*Simmons* v. *United States,* 390 U. S. 377, 389–394) and the firm ruling made by the Judge, who was thereafter to conduct the trial and rule upon the admissibility of the evidence, effectively deprived defendant of a fair and complete hearing, thus requiring a *de novo* suppression hearing (cf. *People* v. *Conilio,* 23 N Y 2d 701). (Appeal from judgment of Erie County Court convicting defendant of burglary, second degree and petit larceny.) Present— Goldman, P. J., Del Vecchio, Gabrielli, Moule and Henry, JJ.